**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

**CRIMINAL NO. 6:19-CR-14-REW-HAI**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**V.**         **RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR BILL OF PARTICULARS**

**DAVID B. GUSTIN**                                                   **DEFENDANT**

\*   \*   \*   \*   \*

       The United States opposes the defendant's motion for a bill of particulars. Gustin moved for a bill of particulars, requesting "a list of pharmacies and their locations that are encompassed within this conspiracy count and a list of alleged co-conspirators known to the United States." R. 35: Motion for Bill of Particulars at 91. This request for the United States's legal and evidentiary theory as to the drug conspiracy should be denied. The Indictment adequately describes the violation of federal law for which Gustin is charged, and the ample discovery produced to date provides additional details not made explicit in the Indictment. Gustin has been fully apprised of the charge against him such that he can prepare for trial and plead double jeopardy; the Court should deny the motion.

       Federal Rule of Criminal Procedure 7 requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Cr. P. 7(c)(1). The Court, in its discretion, "may direct the government

to file a bill of particulars." Fed. R. Cr. P. 7(f). A bill of particulars is meant "to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). "It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial," *id*. at 1375 (citations omitted), and it "is not intended as a 'means of learning the government's evidence and theories.'" *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (quoting Wright & Miller, *Federal Practice and Procedure*, § 129 (3rd ed. 1999)). *See also United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) ("A bill of particulars may not be used to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it relies at trial.'") (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)).

A bill of particulars severely narrows the United States's latitude in presenting evidence. Once a bill of particulars is filed, it confines the United States's evidence to the particulars furnished, and therefore restricts the United States's proof. *See United States v. Haskins*, 345 F.2d at 111, 114 (6th Cir. 1965). "Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is *necessary* to the preparation of the defense and avoidance of prejudicial surprise." *Musick*, 291 F. App'x at 724 (emphasis added); *accord Salisbury*, 983 F.2d at 1375. Therefore, as Judge Wier explained, "[t]he preclusive effects on proof resulting from issuance of a bill of particulars must inform the Court's discretion" in deciding whether to grant such motion. *United States v. Reid*, No.

6:07-CR-110-DCR, 2008 WL 11414538, at *1 (E.D. Ky. Feb. 26, 2008) (denying motion for bill of particulars for conspiracy charge); *see also id.* (quoting Moore's Federal Practice § 607.07[1] (2006) ("Although defendants routinely move for bills of particular, courts do not normally grant such motions . . . for two reasons. First, defendants may not use the bill to circumvent the restrictive scope of discovery. . . . Second, courts want to avoid unfairly 'freezing' the government's evidence in advance of trial.").

Whether to grant a bill of particulars "is within the sound discretion of the trial court," *Salisbury,* 983 F.2d at 1375, and "will not be overturned absent an abuse of discretion," *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004). A bill of particulars should be granted only if the defendant is not provided the information necessary to adequately apprise him of the government's charges. *See*, *e.g.*, *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986); *Buie v. United States*, 420 F.2d 1207 (5th Cir. 1969), *cert. denied*, 398 U.S. 932 (1970). Full discovery obviates the need for a bill of particulars. *United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983), *cert. denied*, 466 U.S. 970 (1984) (*citing United States v. Largent*, 545 F.2d 1039 (6th Cir. 1976), *cert. denied*, 429 U.S. 1098 (1977)); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery also obviates the need for a bill of particulars."); *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973); *United States v. Anvari-Hamedani*, 354 F. Supp. 2d 768, 769 (N.D. Oh. 2005) (denying bill of particulars request in light of discovery). "This is particularly so in a conspiracy case where the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." *United States v.*

3

*Martin*, 822 F.2d 1089 (6th Cir. 1987).  Indeed, "[m]odern cases evaluating a Rule 7(f) motion in the context of a drug-conspiracy count routinely deny relief." *Reid*, 2008 WL 11414538, at *2 (citing, *inter alia*, *United States v. Abbey*, 452 F. Supp. 2d 766, 771 (E.D. Mich. 2006) (rejecting bill of particulars request and quoting to effect that "indictment for conspiracy . . . under § 846 need only allege the conspiracy to distribute drugs, the time frame in which it allegedly was operated, and the statute violated.")).

      The Indictment informs Gustin of the charge against him:  a drug conspiracy beginning on or about May 2, 2008, continuing through on or about April 15, 2016, in Clay County, in the Eastern District of Kentucky, and elsewhere.  R. 1: Indictment at 1.  He knows the charge pertains to the distribution of controlled substances, including oxycodone, hydrocodone, and alprazolam.  *Id*.  During that time, Gustin worked for McKesson Pharmaceutical, a drug distributor selling controlled substances throughout the country.  Bond Report at 2.  As evident in Gustin's motion, he understands that the charges stem from his role "overseeing assessments of all pharmacy customers' access to controlled substances."  R. 35: Mot. at 94.  The underlying discovery produced in the case identifies particular McKesson pharmacy customers for which Gustin was responsible in his compliance role as Director of Regulatory Affairs for the territory that included the Eastern District of Kentucky.  Gustin has the information needed to understand the charge against him and prepare his defense.  Despite this, he requests a bill of particulars addressing two areas in particular:  (i) a list of pharmacies encompassed within the conspiracy count; and (ii) a list of alleged co-conspirators known to the United States.  R.

4

35: Motion for a Bill of Particulars at 91. Gustin is not entitled to the additional detail he seeks. *See, e.g.*, *United States v. Haddix*, No. 5:07-CR-137-JMH, 2007 WL 4553170, at *2 (E.D. Ky. Dec. 19, 2007) ("[A] bill of particulars is not an investigative tool to be used for the [a]cquisition of evidentiary detail, and the prosecution need not particularize all of its evidence before trial.") (internal quotation marks omitted). His requests are addressed in turn.

First, Gustin seeks a list of all pharmacies and their locations encompassed within the charge in the Indictment. *Id.* at 95. The plain language of the Indictment and the underlying detail in the discovery demonstrate the conduct and pharmacies identified thus far as relevant to the charge in the Indictment. Further requests to narrow the scope of the Indictment or the on-going grand jury investigation, or to provide a preview of the United States's evidence, should be denied. *United States v. Martin*, No. 13-CR-20184, 2013 WL 5312572, at *1 (E.D. Mich. Sept. 20, 2013) ("Defendants are seeking detailed disclosures of the evidence held by the Government. The Court concludes that the Second Superceding [sic] Indictment, taken together with the discovery already provided in this case, sufficiently apprises [the defendants] of the charges against them and will allow them to avoid surprise at trial."); *United States v. Eberle*, No. 08-CR-20139, 2008 WL 4534171, at *2 (E.D. Mich. Oct. 3, 2008) (denying motion for bill of particulars where "Defendants do not assert that the Indictments fail to set fort [sic] the elements of the offense charged. Rather, in looking at the questions they wish the Government to answer, Defendants are simply seeking detailed disclosures of the evidence held by the Government."); *United*

5

*States v. Ridley*, 199 F. Supp. 2d 704, 708 (S.D. Ohio 2001) ("A bill of particulars is not to be used as such a discovery tool.").

Second, Gustin requests the identities of any unnamed co-conspirators. R. 35: Mot. at 95. The request should be denied. The United States is not required to disclose the names of unindicted co-conspirators. *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004); *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). Sixth Circuit pattern jury instructions affirm this, and specifically state there is no "requirement that the names of the other conspirators be known." Sixth Circuit Pattern Instruction 3.06(b), Unindicted, Unnamed or Separately Tried Co-Conspirators. This is true even when a defendant is not charged with any of his co-conspirators.[1] *Rey*, 923 F.2d at 1222 (affirming district court's ruling that defendant was not entitled to name of the co-conspirator before trial and noting "[a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement

---

[1] Notably, Gustin's motion (both generally and on this specific point) relies primarily on out-of-circuit cases, particularly from the Second Circuit. *See* R. 35: Motion for a Bill of Particulars at 92-93. But as Judge Reeves recognized, a Southern District of New York case granting a motion for a bill of particulars was not persuasive because its "holding is contrary to the law of this circuit, where as long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators." *United States v. Roberts*, Crim. No. 6:06-CR-82-SS-DCR, 2006 WL 3533071, at *3 n.1 (E.D. Ky. Dec. 7, 2006) (citing *Rey*, 923 F.2d at 1222) (internal quotation marks omitted). Instead, Judge Reeves found that the Report and Recommendation had "expertly set[] out the law and standards for the issuance of a bill of particulars" and agreed with the denial of the defendant's motion in a case charging multiple drug trafficking conspiracies over an approximately six-year period. *Id.* at *1, *3. "[T]he indictment in this case sets out the requisite elements of § 846, as well as the dates and location of the alleged conspiracies. The indictment further provides the citation to the statute alleged to be violated and thus satisfies the requirements for a sufficiently detailed indictment." *Id.* at *3.

6

between two or more persons, a prerequisite to obtaining a conspiracy conviction"). Additionally, the discovery produced by the United States informs Gustin of the individuals involved and Gustin's role and actions in the alleged conduct. *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. Aug. 8, 2014) (affirming denial of motion for bill of particulars where defendant "received ample discovery from which he could have discerned the possible identities of his co-conspirators"). The Court should reject any further request to discover the United States's theory of the case, or narrow the United States's latitude at trial. *See generally Reid*, 2008 WL 11414538, at *2 ("In the context of an alleged 21 U.S.C. § 846 *drug* conspiracy, the federal courts generally resist efforts at compelled particularization."); *Haddix*, 2007 WL 4553170, at *1-2 (rejecting motion for bill of particulars on 21 U.S.C. § 846 indictment); *United States v. Scowden*, 2002 WL 1483873, at *2-3 (W.D. Tenn. April 24, 2002) (rejecting motion in 21 U.S.C. § 846 context that requested names of co-conspirators, "information . . . regarding [defendant's] actions that were allegedly criminal in nature" and "the location in the Western District of Tennessee where the criminal acts allegedly occurred"). Gustin's motion should be denied.

                                             Respectfully Submitted,

                                             ROBERT M. DUNCAN, JR.
                                             UNITED STATES ATTORNEY

By:   s/ Gregory Rosenberg
Gregory Rosenberg
Kate K. Smith
Assistant United States Attorneys
601 Meyers Baker Rd. Suite 200
London, KY 40741
(606) 330-4834
gregory.rosenberg2@usdoj.gov
kate.smith@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to counsel of record.

 s/ Gregory Rosenberg
Assistant United States Attorney