UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 6:19-CR-14-REW-HAI |
| v. | ) | |
| | ) | ORDER |
| DAVID B. GUSTIN, | ) | |
| | | |
| Defendant. | | |

*** *** *** ***

The United States moves to continue trial (currently set for August 6, 2020) and suspend pretrial deadlines. DE 93. The government represents that, pursuant to a written plea agreement, Gustin will be arraigned in a related case filed by way of information. *Id.* Additionally, at sentencing in the related case, the government will move to dismiss the indictment in this matter. *Id.* Given that sentencing in the related case will occur after the currently scheduled trial date, the government seeks a sixty-day continuance in this matter. *Id.* Counsel for Gustin authorized the United States to state that Gustin does not oppose the continuance motion. *Id.*

The Speedy Trial Act mandates that criminal trials "commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, the Court shall exclude certain "periods of delay . . . in computing the time within which the trial of any such offense must commence." *Id.* § 3161(h); *see United States v. Brown*, 819 F.3d 800, 809 (6th Cir. 2016). The Court excludes "delay resulting from other proceedings concerning the defendant" and "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such

motion." § 3161(h)(1); § 3161(h)(1)(D). Another excludable period encompasses "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government," provided that the judge finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). The ends-of-justice inquiry accounts for "[w]hether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice," "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." *Id.* § 3161(h)(7)(B)(i), (ii), (iv).

The STA analysis begins with Gustin's initial appearance and arraignment on April 19, 2019. DE 16 (Minute Entry). On Gustin's motion, the Court continued the trial (then set to begin June 20, 2019) and declared this case complex. *See* DE 18; DE 23. The Court deemed excludable the period between April 22, 2019 (the filing of Gustin's continuance motion) and the trial date ultimately assigned in accordance with that Order. DE 23. The Order further referred the matter to Judge Ingram to establish the pretrial and trial schedule. *Id.* To that end, Judge Ingram conducted several conferences and set trial for August 6, 2020. *See* DE 25; DE 42; DE 45; DE 46. In light of the above history and in accordance with previous findings, only two STA days have elapsed as

of the current trial date.[1]

The government now offers two primary justifications for the sought sixty-day continuance. *See* DE 93. First, case complexity will prevent sentencing in the related matter before August 6, 2020. The government views the related matter as another "proceeding[] concerning the defendant" within the meaning of § 3161(h)(1). Additionally, failing to grant the continuance would result in a miscarriage of justice (presumably in light of the plea negotiations that led to the filing of the related case and the need for a continuance in this matter).

It is important that Defendant have adequate time to resolve the charge in the related case, particularly because part of the plea agreement contemplates dismissal of the indictment in this matter. *Cf. United States v. White*, 920 F.3d 1109, 1116 (6th Cir. 2019) (quoting *Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012)) (observing that plea negotiation "is not some adjunct to the criminal justice system; it *is* the criminal justice system"). Mandating that Defendant proceed to trial as set would surely result in a miscarriage of justice, as it is in both parties' interests to honor their obligations under the plea agreement. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Even without accounting for the previously acknowledged case complexity, it would be unreasonable to expect all parties to prepare for and proceed with sentencing in the related case before August 6, 2020. *See* § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice furthered by granting the sought continuance outweigh Gustin's and the public's best interests in a speedier trial. These STA findings do not rest on any improper § 3161(h)(7)(C) factor.

The Court thus **ORDERS** as follows:

---

[1] Motion pendency provides an independent exclusion basis at several points throughout this period. *See* DE 26 (Motion for Protective Order, filed May 10, 2019, and resolved May 22, 2019); DE 35 (Motion for Bill of Particulars, filed June 16, 2019, and resolved July 11, 2019); DE 43 (Motion to Continue Status Conference, filed October 4, 2019, and resolved October 7, 2019); DE 48 (Motion to Dismiss indictment, filed January 24, 2020, and still pending); DE 56 (Motion *in Limine*, filed April 14, 2020, and still pending). Several other motions *in limine* pend.

1. The Court **GRANTS** DE 93 and **CONTINUES** the trial (currently set for August 6, 2020) to **October 5, 2020, at 9:00 a.m.**, in London (with counsel and Defendant to appear at 8:30 a.m.);

2. All unexpired pretrial deadlines reset relative to this new trial date; and

3. The Court **DECLARES** the time between the former trial date (August 6, 2020) and the new trial date (October 5, 2020) excludable pursuant to 18 U.S.C. § 3161(h)(7).

This the 17th day of June, 2020.

Signed By:
*Robert E. Wier*  REW
United States District Judge